# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| JAN SPEED, | ) | **CIVIL ACTION NO.** |
| | ) | |
| Plaintiff, | ) | |
| | ) | **COMPLAINT** |
| vs. | ) | |
| | ) | |
| JON BARRY AND ASSOCIATES, | ) | **JURY TRIAL DEMAND** |
| INC. d/b/a PARAGON REVENUE | ) | |
| GROUP, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## NATURE OF ACTION

1. This is an action brought pursuant to the federal Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, and the North Carolina Collection Agency Act ("NCCAA"), N.C. Gen. Stat. § 58-70-90 *et seq.*

## JURISDICTION AND VENUE

2. This Court has jurisdiction pursuant to 15 U.S.C. § 1692k(d), 28 U.S.C. § 1331, and 28 U.S.C. § 1367(a).

3. Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), as the acts and transactions giving rise to Plaintiff's action occurred in this district, Plaintiff resides in this district, and Defendant transacts business in this district.

## PARTIES

4. Plaintiff Jan Speed ("Plaintiff") is a natural person.

1

5. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3), and by N.C. Gen. Stat. § 58-70-90(2).

6. Defendant Jon Barry and Associates, Inc. d/b/a Paragon Revenue Group ("Defendant") is an entity who at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. § 1692a(5), and by N.C. Gen. Stat. § 58-70-90(3).

7. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

8. Defendant is a "collection agency" as defined by N.C. Gen. Stat. § 58-70-90(1).

## FACTUAL ALLEGATIONS

9. Plaintiff is a natural person obligated, or allegedly obligated, to pay a debt owed or due, or asserted to be owed or due, a creditor other than Defendant.

10. Plaintiff's obligation, or alleged obligation, once owed or due, or asserted to be once owed or due, a creditor other than Defendant, arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes – namely, personal medical bills (the "Debt").

11. Defendant uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due, another.

12. In connection with the collection of the Debt, Defendant sent Plaintiff initial written communication dated November 26, 2012 that provided the notices required by 15 U.S.C. § 1692g(a) *et seq*. (See November 26, 2012 Correspondence, attached as Exhibit A).

13. In response, Plaintiff sent Defendant written communication dated December 17, 2012, and in such communication, disputed the Debt and requested verification of the Debt. (See December 17, 2012 Correspondence, attached as Exhibit B).

14. Upon information and good-faith belief, Defendant received Plaintiff's December 17, 2012 written communication on December 20, 2012.

15. Notwithstanding Plaintiff's dispute and demand for verification, Defendant placed calls to Plaintiff's residence for the purpose of collecting the Debt, including, but not limited to, five occasions from December 26, 2012 to December 28, 2012.

16. In connection with the collection of the Debt, Defendant sent Plaintiff written communication dated January 2, 2013 in response to Plaintiff's verification request.

17. By placing telephone calls to Plaintiff on December 26, 2012, December 27, 2012, and December 28, 2012, Defendant continued to contact Plaintiff without having first provided verification of the Debt, after having received a written communication from Plaintiff disputing the Debt.

## COUNT I
## VIOLATION OF 15 U.S.C. § 1692g(b)

18.  Plaintiff repeats and re-alleges each and every factual allegation contained above.

19.  Defendant violated 15 U.S.C. § 1692g(b) by continuing to contact Plaintiff without having first provided verification of the Debt, after having received a written communication from Plaintiff disputing the Debt.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

   a) Adjudging that Defendant violated 15 U.S.C. § 1692g(b);

   b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

   c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

   d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

   e) Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

   f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT II
## VIOLATION OF N.C. GEN. STAT. § 58-70-100(3)

20.  Plaintiff repeats and re-alleges each and every allegation above.

21.  Defendant violated N.C. Gen. Stat. § 58-70-100(3) by causing a

4

telephone to ring with such frequency as to be unreasonable or to constitute a harassment to the person under the circumstances or at times known to be times other than normal waking hours of the person.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated N.C. Gen. Stat. § 58-70-100(3);

b) Awarding Plaintiff actual damages, pursuant to N.C. Gen. Stat. § 58-70-130(a);

c) Awarding Plaintiff statutory damages per violation, pursuant to N.C. Gen. Stat. § 58-70-130(b);

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action, pursuant to N.C. Gen. Stat. § 75-16.1;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## TRIAL BY JURY

22. Plaintiff is entitled to and hereby demands a trial by jury.

Dated: July 30, 2013.

>Respectfully submitted,
>
>/s/ Holly E. Dowd
>Holly E. Dowd (N.C. Bar No. 37533)
>Weisberg & Meyers, LLC
>409A Wakefield Dr.
>Charlotte, NC 28209
>(888) 595-9111 ext. 260
>(866) 565-1327 (fax)
>hdowd@attorneysforconsumers.com
>
>ATTORNEYS FOR PLAINTIFF
>
>*Please send correspondence to the address below*
>
>Holly E. Dowd
>***Weisberg & Meyers, LLC***
>5025 N. Central Ave. #602
>Phoenix, AZ 85012